# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

## DOCKETING STATEMENT

| | |
|---|---|
| Appeal Number | 26-2017 |
| Case Name | United States v. Toirov |
| Party or Parties Filing Notice of Appeal Or Petition | United States of America, Plaintiff-Appellant |
| Appellee(s) or Respondent(s) | Komiljon Toirov, Defendant-Appellee |
| List all prior or related appeals in this court with appropriate citation(s). | United States v. Toirov, Tenth Cir. No. 25-2074<br>United States v. Toirov, Tenth Cir. No. 25-2109 |

**I. JURISDICTION OVER APPEAL OR PETITION FOR REVIEW**

    **A. APPEAL FROM DISTRICT COURT**

        **1.** Date final judgment or order to be reviewed was **entered** on the district court docket: 1/21/2026

        **2.** Date notice of appeal was **filed**: 2/18/2026

        **3.** State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other authority): 18 U.S.C. sec. 3731; Fed. R. App. P. 4(b)(1)(B)(i).

           **a.** Was the United States or an officer or an agency of the United States a party below? Yes.

           **b.** Was a motion filed for an extension of time to file the notice

of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing the notice of appeal: No.

4. Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

   a. Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A):

   N/A

   b. Has an order been entered by the district court disposing of any such motion, and, if so, when?

   N/A

5. Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291. Yes.

   **(If your answer to Question 5 is no, please answer the following questions in this section.)**

   a. If not, did district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?

   b. If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. § 1292(a)?

   c. If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable?

6. Cross Appeals.

   a. If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals).

   b. If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th

        Cir. 2010) (discussing protective or conditional cross appeals). _____

**B.**     **REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

    **1.**     Date of the order to be reviewed: _____

    **2.**     Date petition for review was filed: _____

    **3.**     Specify the statute or other authority granting the Tenth Circuit Court of Appeals jurisdiction to review the order: _____

    **4.**     Specify the time limit for filing the petition (cite specific statutory section or other authority): _____

**C.**     **APPEAL OF TAX COURT DECISION**

    **1.**     Date of entry of decision appealed: _____

    **2.**     Date notice of appeal was filed: _____

    (If notice was filed by mail, attach proof of postmark.)

    **3.**     State the time limit for filing notice of appeal (cite specific statutory section or other authority): _____

    **4.**     Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a) _____

II.     **ADDITIONAL INFORMATION IN CRIMINAL APPEALS**.

    A.     Does this appeal involve review under 18 U.S.C. § 3742(a) or (b) of the sentence imposed? No.

    B.     If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction? N/A

    C.     Describe the sentence imposed. Defendant was sentenced to time served on Count 1, which is not the subject of this appeal, but he has not been convicted or sentenced on Counts 2 and 3.

    D.     Was the sentence imposed after a plea of guilty? Yes as to Count 1.

    E.     If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges? No plea agreement.

    F.     Is the defendant on probation or at liberty pending appeal? Yes, under ICE supervision.

    G.     If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed? N/A

    **NOTE**:     In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.

**III.   GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW.**

In April 2025, the Department of the Interior transferred ownership of lands along New Mexico's border with Mexico to the military. The Secretary of the Army made these lands, designated as the New Mexico National Defense Area (NMNDA), part of the Fort Huachuca U.S. Army installation. In turn, the fort's commander issued a security regulation prohibiting unauthorized entry into the NMNDA.

In May 2025, Toirov illegally crossed the border and entered the NMNDA. Toirov was charged with improper entry into the U.S., in violation of 8 U.S.C. sec. 1325, and trespassing on the NMNDA in violation of 18 U.S.C. sec. 1382 and 50 U.S.C. sec. 797. He pled guilty to the first count. A magistrate judge sentenced him to time served and ordered him released pending trial on the NMNDA counts.

The district court affirmed the release order on the ground that the government's legal theory for the NMNDA charges is fatally flawed because there is no proof that Toirov knew he was entering a military reservation. The government agreed that it cannot obtain a conviction on the NMNDA counts under the district court's interpretation of the mens rea elements of the statutes, but it contended that the court's interpretation is erroneous. Toirov did not move to dismiss the NMNDA counts pretrial, which is understandable because under the district court's ruling, it is a foregone conclusion that he would obtain an unappealable judgment of acquittal at trial. To obtain appellate review, the government moved to dismiss the two NMNDA counts before trial. The district court granted the motion.

**IV.   IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL. You must attempt to identify the issues even if you were not counsel below.** *See* **10th Cir. R. 3.4(B).**

1. To satisfy the mens rea elements of 18 U.S.C. sec. 1382 and 50 U.S.C. sec. 797, must the government prove that Toirov knew he was entering a prohibited military area, as the district court held, or need it only prove that he acted with a culpable purpose?

2. May this Court consider the government's claim although it was the government who moved to dismiss the two NMNDA counts?

**V.   ATTORNEY FILING DOCKETING STATEMENT:**

Name: Emil J. Kiehne, AUSA     Telephone: (505) 346-7274

Firm: U.S. Attorney's Office for the District of New Mexico

Email Address: emil.kiehne@usdoj.gov

Address: 201 Third Street NW, Suite 900

Albuquerque, New Mexico 87102


/s/ Emil J. Kiehne                           3/5/2026

Signature                                    Date

NOTE:   The Docketing Statement must be filed with the Clerk via the court's Electronic Case Filing System (ECF). Instructions and information regarding ECF can be found on the court's website, www.ca10.uscourts.gov.

The Docketing Statement must be accompanied by proof of service. The following Certificate of Service may be used.

### CERTIFICATE OF SERVICE

I, Emil J. Kiehne, hereby certify that on
[attorney for appellant/petitioner]

3/5/2026, I served a copy of the foregoing **Docketing Statement**, to:
[date]

Amanda Skinner, at
[counsel for/or appellee/respondent]

amanda_skinner@fd.org

, the last known address/email address, by

e-mail                                                                 .
[state method of service]

/s/ Emil J. Kiehne
Signature

3/5/2026
Date

Emil J. Kiehne
Assistant United States Attorney
201 Third St. NW, Suite 900
Albuquerque, NM 87102
Full name and address of attorney

7